**ALICIA LEDUC MONTGOMERY, OSB 173963**
Email: alicia@leducmontgomery.com
**LEDUC MONTGOMERY LLC**
2210 W Main Street, Suite 107-328
Battle Ground, Washington 98604
Telephone: (704) 702-6934

**J. ASHLEE ALBIES**, OSB 051846
Email: ashlee@albiesstark.com
**ALBIES & STARK LLC**
1500 SW First Ave., Suite 1000
Portland, Oregon 97201
Telephone: (503) 308-4770

Attorneys for Plaintiff John Malaer

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| JOHN LEE MALAER,<br><br>   Plaintiff,<br><br>v.<br><br>CURRY COUNTY, a local government entity;<br>JOHN WARD, an individual; CHRISTOPHER<br>PAASCH, an individual; JORDAN RHODES,<br>an individual; KENNETH MOORE, an<br>individual; MELVIN TROVER, an individual;<br>and DOES 1-5, individuals;<br><br>   Defendants. | Case No. 24-cv-1137<br><br>**COMPLAINT**<br><br>Violations of 42 U.S.C. 1983:14th Amendment Due Process, *Monell* Liability; Violations of the Americans with Disabilities Act and Rehabilitation Act; Declaratory Judgment Act Claim<br><br>**DEMAND FOR JURY TRIAL** |

///

///

PAGE 1 – **COMPLAINT**

## INTRODUCTION

1.    This lawsuit concerns Curry County's July 13, 2022 unlawful citation for criminal trespass on *private* property against Plaintiff John Malaer, a 65-year-old permanently disabled advocate for the fundamental rights of disabled and unhoused communities in Southern Oregon. Mr. Malaer was living in a campsite on *public* property near human services he needed to treat his neurogenic bladder and access electricity to charge his wheelchair mobility device.

2.    The County's criminal trespass citation was unlawful and violated Mr. Malaer's rights in part because the trespass notice issued by the County did not comply with statutory requirements under ORS 195.505 and advised Mr. Malaer he was camping on *public* property. Mr. Malaer and others made the County aware the trespass notice was defective.  The County Counsel provided assurances that no action would be taken to sweep or trespass Mr. Malaer until the defective notice was resolved.

3.    Yet the same day the defective trespass notice was issued, the County leased the specific parcel of public property Mr. Malaer was camping on to a private individual for $1. And contrary to the County's assurances of non-action, the Curry County Sheriff's Office waited until legal observers left the area late in the evening, then swept Mr. Malaer and cited him for Criminal Trespassing in the Second Degree for allegedly trespassing on *private* property.  He was not accused of littering, disorderly conduct, drug use, or any other alleged offense.

4.    The County engaged in this leasing as a bad faith attempt to levy criminal charges against unhoused campers, including Mr. Malaer, and avoid complying with state laws intended to protect the rights of individuals camping on public property, simply because Mr. Malaer and others remained camping in public view on public property for lack of other housing or resource

PAGE 2 – **COMPLAINT**

options and asserted their rights.  The County did not give adequate notice of any change in property status before sweeping and issuing criminal citations.

5.        The District Attorney brought criminal charges against Mr. Malaer for trespass. The charges were later dropped after Mr. Malaer retained defense counsel to contest them.

6.        Mr. Malaer brings this action for damages and attorney's fees and costs to redress the violations of his rights caused by Defendants' misconduct and prevent the same harm from being perpetrated against other vulnerable unhoused residents of Southern Oregon in the future.

## JURISDICTION

7.        This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. §§ 1983 and 12101 *et seq*., 29 U.S.C. § 701 *et seq*., and 28 U.S.C. §§ 1331, 1343(a).

8.        Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon law because the state claims arise from the same nucleus of operative facts as the federal claims.

## VENUE

9.        Venue is proper in the District of Oregon because the events giving rise to the claims occurred in this district, and on information and belief, all Defendants reside in this district.  28 U.S.C. §1391(b).

10.        Venue is proper in the Medford District because the events giving rise to the claims occurred in Curry County which is located in the Medford District.

## PARTIES

11.        Plaintiff John Malaer is an adult who, at all times relevant, was a resident of Curry County, in the District of Oregon.  All of the events giving rise to the claims in this case

PAGE 3 –**COMPLAINT**

occurred while Plaintiff was living in Curry County.  Plaintiff currently resides in Coos

County, Oregon.

12.    Defendant Curry County is a local government and political subdivision of the

State of Oregon and is a public body responsible under state law for the acts and omissions of

its law enforcement officers and employees within the scope of their employment.

13.    Defendant John Ward is the Curry County Sheriff who, at all times relevant, was

employed by Curry County as the Sheriff in Curry County, Oregon.  Defendant Ward is a

policymaker for purposes of 42 U.S.C. 1983.  All of the events giving rise to the claims in this

case occurred while Defendant Ward was employed as Curry County Sheriff.  Defendant Ward

is sued in his individual capacity and at all times relevant was acting under color of state law.

On information and belief, Defendant Ward resides in Curry County.

14.    Defendant Jordan Rhodes is an employee of Curry County who, at all times

relevant, was employed as a Sheriff's Deputy in Curry County, Oregon.  All of the events giving

rise to the claims in this case occurred while Defendant Rhodes was employed by Curry County.

Defendant Rhodes is sued in an individual capacity and at all times relevant was acting under

color of state law.  On information and belief, Defendant Rhodes resides in Curry County.

15.    Defendant Kenneth "Kenny" Moore was, at all times relevant, employed as a

Sheriff's Deputy in Curry County, Oregon.  All of the events giving rise to the claims in this case

occurred while Defendant Moore was employed by Curry County.  Defendant Moore is currently

employed by Gold Beach Police in Curry County, Oregon.  Defendant Moore is sued in an

individual capacity and at all times relevant was acting under color of state law.  On information

and belief, Defendant Moore resides in Curry County.

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604
(704) 702-6934

16.     Defendant Christopher Paasch was a Curry County Commissioner who, at all times relevant, was acting as a Commissioner for Curry County, Oregon.  All of the events giving rise to the claims in this case occurred while Defendant Paasch was serving as a Curry County Commissioner.  Defendant Paasch is sued in an individual capacity and at all times relevant was acting under color of state law.  On information and belief, Defendant Paasch resides in Curry County.

17.     Defendant Melvin Trover was a Curry County employee who, at all times relevant, was acting as a Code Enforcement Officer for Curry County, Oregon.  All of the events giving rise to the claims in this case occurred while Defendant Trover was serving as a Curry County Code Enforcement Officer.  Defendant Trover is sued in an individual capacity and at all times relevant was acting under color of state law.  On information and belief, Defendant Trover resides in Curry County.

18.     Defendants Does 1-5 are current and/or former employees or agents of Curry County, whose identities and/or roles in allegations pled in this Complaint are currently unknown to Plaintiff.  On information and belief, Defendants Does 1-5 were involved in violating Plaintiff's constitutional, statutory, and common law rights while acting in their capacity as Curry County employees and/or agents.  Defendants Does 1-5 are sued in their individual capacity and on information and belief, at all times relevant, were acting under color of state law.  On information and belief, Doe Defendants reside in Curry County.

## FACTUAL ALLEGATIONS

**A.     Plaintiff John Malaer Was a Disabled, Unhoused Human Rights Advocate Camping on Public Property in Curry County**

PAGE 5 – **COMPLAINT**

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604
(704) 702-6934

19.     Mr. Malaer is paraplegic with permanent loss of use of his lower extremities due to a prior spinal injury. Mr. Malaer must use prescribed medical devices and procedures to preform basic body functions. He uses a wheelchair for mobility and to perform daily functions including using the toilet, sink, and getting up off the ground. Mr. Malaer uses a doctor-prescribed electric motorized wheelchair run via a rechargeable battery. The wheelchair can only run for a couple of hours before it needs to be recharged from an electrical outlet.

20.     As a result of his spinal injury Mr. Malaer also suffers from a condition known as neurogenic bladder. He must use medical catheters to facilitate urination evacuating his bladder completely every 4 to 6 hours. This "ICP" method reduces the risk of infections by reducing the amount of time bacteria remains in the bladder. Without catheterization, Mr. Malaer experiences incontinence resulting in uncontrollable bladder functions. Prolonged incontinence without catheterization places Mr. Malaer at increased risk of bacterial infections which can become life-threatening if left untreated.

21.     As a result of his spinal injury and neurogenic bladder, Mr. Malaer suffers from seizures and other medical conditions that require daily medication. He must use prescribed medications multiple times per day. Some of his prescribed medications require refrigeration.

22.     Mr. Malaer is an advocate for the fundamental rights of disabled and unhoused communities in Southern Oregon. He previously served on the City of Medford ADA Task Force and the Jackson County Continuum of Care Board. He presently serves on a local government budget committee, ambulance board, and planning committee in Coos County.

23.     In 2022, Mr. Malaer was engaged in direct outreach to homeless residents in Curry County and interfaced with elected officials, law enforcement, government employees,

PAGE 6 – **COMPLAINT**

and service providers regarding policies and practices that affected homeless, disabled, and at-risk residents.

24.    In July 2022, Mr. Malaer was unhoused, living in a tent on public property in Harbor, Curry County near 97921 Shopping Center Avenue and Zimmerman Lane (the "Zimmerman Lane lot").  This location provided Mr. Malaer close access to necessary resources and human services in the nearby shopping center, including Brookings CORE Response which provides services to unhoused people, electricity to charge his electric wheelchair mobility device, a place to safely and hygienically catheterize to care for his neurogenic bladder condition, laundry cleaning which is important for hygienic purposes as a paraplegic, and access public transportation on which he relies.

**B.  Curry County Posts, Then Rescinds, a Defective 48-Hour Trespass Notice and Agrees to Pause Trespass Enforcement to Resolve the Defective Notice Issue**

25.    On July 11, 2022, Defendant Curry County Harbor Code Enforcement Officer Melvin Trover posted a trespassing notice outside Mr. Malaer's tent on the Zimmerman Lane lot located near 97921 Shopping Center Avenue and Zimmermann Lane in Harbor, Curry County.

26.    The notice was dated July 11, 2022 at 4:00 PM.  It stated, "This area is public property" and "Trespassing in this area is prohibited; all persons must leave and remove all personal property by the date below."  The removal date provided was July 13, 2022, at 9:00 AM, less than 48 hours from the time the notice was posted.  The notice threatened "arrest" for criminal trespassing in the second degree pursuant to ORS 164.245.  The notice stated it was issued by Curry County and listed both the Curry County Sheriff's Office and Curry County Code Enforcement.

PAGE 7 – **COMPLAINT**

27.     On July 12, 2022 at noon, attorney Reverend Cora Rose of St. Timothy's Episcopal Church notified Curry County Counsel Anthony Pope by email that the County's trespass notice posted at the Zimmerman Lane lot was not in compliance with ORS 195.505 and needed to be rescinded and replaced with a compliant version for at least the following reasons:

a.  ORS 195.505(3) requires a trespass notice to provide at least 72-hours notice prior to removal action;

b.  The notice did not provide specific, particular notice about where any unclaimed personal property would be stored, which under ORS 195.505(6)(a) and 195.505(5)(b)(A) which must be "in a facility located in the same community as the camping site from which it was removed"; and

c.  The criminal sanctions threatened in the notice were inappropriate based on the legislative intent for the ORS 195.505 homeless camp removal policy to create a municipal or county ordinance violation citation for "unlawful camping" rather than criminal sanctions, noting "[t]he legislature made clear that public and private agencies should work together where encampment removals are warranted through a campground-wide removal notice and personal property storage scheme; not by having folks experiencing homelessness arrested for 'trespassing' on public rights of way."

28.     Rev. Rose's email further requested County Counsel to review the notice and "advise Code Enforcement to rescind the notice until we can set up a phone meeting or email draft to work on a notice and policy together, as we had discussed in response to my April public

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604
(704) 702-6934

records request, that will conform to state standards and work for community members and social service organizations."

29.    Two hours later, on July 12, 2022 at 1:51 PM, Code Enforcement Officer Trover called Rev. Rose and left a voicemail stating:

> "I did get your message. And **we are not going to execute them [the trespass notices] tomorrow** because we didn't realize the ORS in the [County] system is outdated, so it's not updated with the new house bill, but you can reach out to Anthony Pope and we'll make sure we get together before we do anything . . . and get this resolved, make sure we are all on the same page and everybody is happy."

Emphasis added.

30.    On July 13, 2022, at 6:45 AM, Curry County Counsel's Office confirmed in writing that it would meet with Rev. Rose to discuss the trespass notice issue on July 18, 2022.

## C.    Curry County Leases the Public Property Where Mr. Malaer was Camping to a Private Individual for $1 to Make It "Private Property"

31.    Unbeknownst to Mr. Malaer, Rev. Rose, and others living or working near the Zimmerman Lane lot campsite, the County took action to transform the Zimmerman Lane lot from public land to private property the same day it posted the defective trespass notice.

32.    Documents show Curry County, acting through Commissioner Paasch, executed a lease for the real property located at Map No. 41S13W04CC, Map tax lot No. 411304cc-ROADS-00 located on Zimmerman Road [Lane] to private individual Ue Ching Ow for the nominal amount of "$1.00 per year" for five years.  The lease was dated July 11, 2022.

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604
(704) 702-6934

33.    The real property described in the lease is the Zimmerman Lane lot location where Mr. Malaer was camping and where the defective 48-hour trespass notice had been posted.

34.    The lease was executed the same day Code Enforcement Officer Trover issued the defective trespass notice on the Zimmerman Lane lot for trespass on "public property."

35.    The County's execution of the lease did not comply with ORS 271.310 governing transfer or lease of real property owned or controlled by a political subdivision and was invalid and unenforceable.

36.    The County's execution of the lease was not in the best interest of Curry County and its residents, because it did not provide meaningful revenue or public benefit while simultaneously removing public access to public property on which residents were actively depending for camping and accessing public services to survive, and additionally exposed Curry County residents to criminal liability for simply continuing to remain on the property.

37.    Upon information and belief, the County executed the lease for the purpose of subverting the protections afforded unhoused residents camping on public property under state statute ORS 195.505.

38.    On July 12, 2022, the day after the lease was executed, another trespassing notice was posted at the Zimmerman Lane lot, this time issued by a private party, not the County.

**D.  Sheriff's Office Threatens Arrest Against Zimmerman Lane Occupants Despite Defective Notice and County's Agreement to Pause Action**

39.    On July 13, 2022, Curry County Sheriff's Office Deputies Rhodes and Moore arrived at the Zimmerman Lane lot and issued verbal warnings to approximately six or seven

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604
(704) 702-6934

individuals camping in the area, including Mr. Malaer, that the Sheriff's Office would arrest anyone still camping on the premises after 6:30 PM that day.

40.    In an incident report from that day, Deputy Rhodes wrote that "local transients were advised they needed to move their belongings to a different location because the property was private and the property managers had requested all people be removed."

41.    The Sheriff's Office's verbal notices did not comply with ORS 195.505.  The Sheriff's Office's threat to arrest campers at the site that day was in direct contravention of Curry County's agreement to rescind the criminal trespass notice and cease enforcement activity until County Counsel met with Rev. Rose to prepare legally compliant notice language.

42.    On July 13, 2022, Rev. Rose emailed Curry County Counsel stating, "the sheriff department intends to come evict or arrest the people on Zimmerman Lane in Harbor this evening, despite it being less than 72 hours after a valid notice was posted and despite the understanding that no action would be taken by the Code Enforcement office, which posted the noncompliant notices, until after Mr Pope and I met. Thank you in advance for communicating with Mr Ward's office this understanding and requesting that the deputies refrain from action."

### E.  Sheriff's Office Cites Mr. Malaer for Criminal Trespass on Private Property

43.    On the afternoon of July 13, 2022, Mr. Malaer noticed Curry County Sheriff Deputies Rhodes and Moore surveilling the Zimmerman Lane lot and taking enforcement action. The deputies informed Mr. Malaer that they were ordered to do so by Sheriff Ward and County Commissioners.

44.    Mr. Malaer asserted his rights and informed Deputy Moore that criminally trespassing campers from the Zimmerman Lane lot was unlawful under the circumstance.

PAGE 11 – **COMPLAINT**

45.    Multiple legal observers, including Rev. Rose, were present and observed Deputies Rhodes and Moore interacting with Mr. Malaer at the Zimmerman Lane lot.  Mr. Malaer was on the ground in his tent with his wheelchair visible next to his tent.  Video shows that during the interaction, Mr. Malaer and legal observers informed Deputy Moore that the 48-hour notice posted by the County had been rescinded by County Code Enforcement.

46.    During the conversation, Deputy Moore was informed that a separate notice had been posted the day before by the next door liquor store.  Officer Moore responded the liquor store "now owns the property, ok."  The liquor store referenced was Brookings Liquor Store.

47.    Mr. Malaer was not aware prior to interaction with law enforcement that the public property he had been camping on for weeks had suddenly, allegedly, become private property.

48.    Mr. Malaer advised Deputies that he was willing to leave the area, but he was permanently disabled, had nowhere else to go that he knew of where he was allowed to camp, and had no resources to secure shelter.  It was apparent that Mr. Malaer was dependent on using a wheelchair to move, including having to move any of his personal property at the campsite.  Mr. Malaer also provided further reasons why he believed the County's actions did not comport with Oregon law regarding notice for sweeps, trespasses, or evictions.

49.    Curry County did not provide Mr. Malaer with alternatives to remaining at the Zimmerman Lane lot, such as providing the location of an alternative place for Mr. Malaer to camp, or access to ADA-accessible temporary housing or a motel pass.

50.    Deputy Moore told Mr. Malaer that he "was not trying to argue" with Mr. Malaer, and that "if you do have concerns, Lt. John Ensley is probably going to be the best person to talk

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604
(704) 702-6934

to . . . I can have him come by your way . . . he will be on tomorrow, bright and early in the morning, he starts at 8 AM, so I can have him come by and talk to you."

51.     The conversation ended with the understanding that Mr. Malaer would not be swept or trespassed from the property that day.  As a result, Rev. Rose and other legal observers left the area for the night.

52.     Yet at approximately 9:30 PM that night, after the legal observers had left, Deputies Rhodes and Moore returned to the Zimmerman Lane lot and cited Mr. Malaer for Criminal Trespass in the Second Degree for being located at "97921 Shopping Center Avenue/Zimmerman Ln." in Harbor, Oregon.

53.     Deputy Rhodes's incident report for the trespass citation listed "Premier Properties" at 937 Chetco Avenue, Suite A, in Brookings, Oregon as the "victim."  The liquor store owner, real property owner, or lessee Mr. Ow were not mentioned.

54.     The Curry County District Attorney prosecuted Mr. Malaer for criminal trespass. All charges were dropped after Mr. Malaer obtained counsel and contested the charges' validity.

## FIRST CLAIM FOR RELIEF

## Violation of 42 U.S.C. § 1983 – 14th Amendment Due Process

## (Against All Defendants)

55.     Plaintiff realleges all previous paragraphs.

56.     At all relevant times, Defendants were acting under color of law.

57.     Mr. Malaer had a liberty and property interest in being free from unlawful harassment, criminal citation, arrest, prosecution, retaliation, and seizure of his property, particularly while being located on public property to access public services in Curry County.

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604
(704) 702-6934

58.     Defendants violated the United States Constitution's 14th Amendment prohibition against depriving a person of life, liberty, or property, without due process of law, by issuing a citation to Mr. Malaer for Criminal Trespass in the Second Degree, threating to arrest him, and supporting a criminal prosecution against Mr. Malaer for being located at the Zimmerman Lane lot on July 13, 2022 without providing Mr. Malaer adequate procedural protections, including but not limited to insufficient notice of the time to vacate the property, the status of the property as variously public or private property, or any notice or determination by the County that the property was not needed for public use and would be leased to a private party.

59.     ORS 195.505 applies to the removal of homeless camps from public property. Under ORS 195.505(3), the County was required to post a trespass notice providing at least 72-hours notice prior to removal action which must be posted "by law enforcement officials."

60.     The County had no authority to enforce ORS 164.245 against Mr. Malaer in violation of ORS 195.505(3) where there was no 72-hour notice posted by law enforcement, and the initial 48-hour notice was void and rescinded due to its statutory non-compliance.

61.     Defendants' acts in leasing the Zimmerman Lane lot for the above-alleged improper purposes violated rules associated with criminal liability that are so old and venerable and so rooted in the traditions and conscience of the American people as to be ranked as fundamental, such as rules against bills of attainder and ex post facto laws under Article I, Section 9 and Article 1, Section 10 of the United States Constitution.

62.     Defendants' application of the lease was used to retroactively criminalize and punish Mr. Malaer's behavior of camping on public property without a valid 72-hour notice to

vacate, thereby opening the door to subjecting him to criminal prosecution to which he otherwise would not have been subjected.

63.     As a result of Defendants' misconduct, Mr. Malaer suffered increased costs, expenses, public criminal prosecution proceedings, mental anguish and suffering, anxiety, personal humiliation, impairment of reputation, fear of continued harassment, and life-threatening retaliation, including Curry County Sheriff's Office's continuous trespass of Mr. Malaer from the shopping center area in August 2022 where he went to obtain necessary services, for which he is entitled to be compensated in an amount to be determined.

64.     Mr. Malaer continues and will experience in the future the emotional distress, fear, anxiety, and harms and losses resulting from Defendants' violations of his constitutional rights, particularly when traveling and engaging in advocacy in Curry County.  As a result of Defendants' conduct, Mr. Malaer seeks an award of economic damages for his future mental health expenses in an amount to be determined.

65.     Accordingly, Mr. Malaer is entitled to compensatory damages against Defendants for the violations of 42 U.S.C. § 1983, in an amount to be determined at trial.

66.     Defendants' acts in denying Mr. Malaer due process were willful and intentional. Defendants should be assessed punitive damages in an amount to be determined by a jury.

67.     Mr. Malaer seeks an award of reasonable attorney fees and costs incurred in bringing this action pursuant to 42 U.S.C. § 1988(b).

68.     Mr. Malaer is entitled to a prevailing party fee, costs and disbursements.

///

///

PAGE 15 – **COMPLAINT**

**SECOND CLAIM FOR RELIEF**

**Violation of 42 U.S.C. § 1983 – 14th Amendment – *Monell* Liability**

**(Against Defendants Curry County, Sheriff Ward, and Paasch)**

69.     Plaintiff re-alleges all previous paragraphs.

70.     Defendant John Ward is the Sheriff of Curry County and is a policymaker for purposes of *Monell* liability.

71.     Defendant Paasch was a Commissioner for Curry County and was a policymaker for purposes of *Monell* liability.

72.     In 2022, Curry County had a custom, policy, and practice of enforcing trespassing and anti-camping notices against unhoused individuals in Curry County which did not comply with the requirements of ORS 195.505.

73.     Curry County, Commissioner Paasch, and Sheriff Ward directed or endorsed the conduct which violated Mr. Malaer's rights regarding the July 11, 2022 defective trespass notice and July 13, 2022 Criminal Trespass in the Second Degree citation.

74.     Curry County Counsel and Curry County Code Enforcement received written notice from Rev. Rose on July 12 and 13, 2022, that the trespass and sweep of Mr. Malaer and others from the Zimmerman Lane lot was unlawful in part because the County's notice did not comply with ORS 195.505.  Rev. Rose specifically requested that County Counsel inform Sheriff Ward and the Curry County Sheriff's Office that such trespass action was unlawful under the circumstance.  These written notices were provided prior to Curry County issuing a criminal trespass citation to Mr. Malaer.

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604
(704) 702-6934

75.    Defendant Moore received verbal notice from Mr. Malaer and legal observers at the Zimmerman Lane lot on the afternoon of July 13, 2022, that the County's trespass and sweep of Mr. Malaer and others from the Zimmerman Lane lot was unlawful.

76.    On information and belief, the trespass notices posted by Curry County at the Zimmerman Lane lot on July 11, 2022, were based on a template document used by Curry County to issue trespass notices.

77.    Curry County Code Enforcement Officer Trover admitted on July 12, 2022, that the notices the County posted at Zimmerman Lane were based on an outdated Oregon statute and did not reflect current Oregon law as of July 11, 2022.

78.    Despite notice, Curry County and Sheriff Ward did not timely act to change policy to prevent the unlawful sweep of homeless encampments or the issuance of trespass citations against unhoused residents in Curry County, including Mr. Malaer, on July 13, 2022.

79.    Rather, Defendants Curry County, Commissioner Paasch, and Sheriff Ward chose to continue with the sweep and trespass of the Zimmerman Lane lot and Mr. Malaer.

80.    Defendants Ward and Paasch were aware of and ratified this policy and allowed the culture, practice, and custom to persist inside Curry County.

81.    Defendant Curry County's policy, custom, or practice, as ratified by Defendants Ward and Paasch, was the moving force in the violation of Mr. Malaer's constitutional rights in the following ways:

     a.    Failing to change, implement, and enforce adequate policies and procedures regarding notice and removal of homeless camps and trespass on public property;

PAGE 17 – **COMPLAINT**

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604
(704) 702-6934

b.  Failing to train County employees on what constitutes a lawful notice, sweep, or trespass of a homeless camp on public property under Oregon law;

c.  Failing to monitor Defendants Trover, Rhodes, Moore, and Curry County employees while interacting with homeless residents in camps on public property, including Defendants Rhodes' and Moore's failure to document in incident reports that they received notice from Mr. Malaer and community members that the trespass notice and citations did not comply with Oregon law;

d.  Failing to monitor Curry County employees engaging in unlawful sweeps and trespass of unhoused residents and homeless camps, including but not limited to failing to monitor Defendants Trover, Rhodes, Moore, and Curry County employees while interacting with homeless residents in camps on public property, including Defendants' Rhodes' and Moore's failure to document in incident reports that they received notice from Mr. Malaer and community members that the trespass notice and citations may not comply with Oregon law;

e.  Failing to prevent or choosing to allow sweeps or trespass citations which violated Mr. Malaer's due process rights; and

f.  Failing to discipline Curry County employees following documented misconduct including trespassing unhoused residents pursuant to defective trespass or anti-camping notices.

PAGE 18 – **COMPLAINT**

82.     Defendants Curry County, Sheriff Ward, and Paasch knew or should have known that these policies, customs, and practices being engaged in by County employees would result in the violation of constitutional rights of unhoused residents in Curry County, including Mr. Malaer.

83.     Curry County's policies, customs, and practices alleged above did in fact result in a violation of Mr. Malaer's constitutional rights.

84.     Defendant Curry County's policy, custom, or practice, as ratified by Defendants Ward and Paasch, reflects deliberate indifference to the constitutional rights of its inhabitants, including Mr. Malaer.

85.     As a result of Defendants' misconduct, Mr. Malaer suffered increased costs, expenses, public criminal prosecution proceedings, mental anguish and suffering, anxiety, personal humiliation, impairment of reputation, fear of continued harassment, and life-threatening retaliation, including Curry County's continuous trespass of Mr. Malaer from the shopping center area in August 2022 where he went to obtain necessary services, for which he is entitled to be compensated in an amount to be determined.

86.     Mr. Malaer continues and will experience in the future the emotional distress, fear, anxiety, and harms and losses resulting from Defendants' violations of his constitutional rights, particularly when traveling and engaging in advocacy in Curry County.  As a result of Defendants' conduct, Mr. Malaer seeks an award of economic damages for his future mental health expenses in an amount to be determined.

87.     Accordingly, Mr. Malaer is entitled to compensatory damages against Defendants for the violations of 42 U.S.C. § 1983, in an amount to be determined at trial.

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604
(704) 702-6934

88.     Defendants' acts in violating Mr. Malaer's rights were willful and intentional. Defendants should be assessed punitive damages in an amount to be determined by a jury.

89.     Mr. Malaer seeks an award of reasonable attorney fees and costs incurred in bringing this action pursuant to 42 U.S.C. § 1988(b).

90.     Mr. Malaer is entitled to a prevailing party fee, costs and disbursements.

### THIRD CLAIM FOR RELIEF

**Violation of Americans with Disabilities Act and § 504 of the Rehabilitation Act**

**(Against Defendant Curry County)**

91.     Plaintiff re-alleges all previous paragraphs.

92.     Defendant Curry County is subject to § 504 of the Rehabilitation Act's mandate, requiring recipients of federal funds to reasonably accommodate persons with disabilities in providing services and programs, and reasonably modify such services and programs to accomplish this purpose.

93.     Defendant Curry County is subject to Title II of the ADA because it is a public entity within the meaning of Title II as a local government.  Title II of the ADA and § 504 of the Rehabilitation Act have essentially the same mandate.  Curry County is a public entity for § 504 and Title II purposes.

94.     At all times relevant to this action, Mr. Malaer was a qualified individual with a disability within the meaning of Title II of the ADA.

95.     Specifically, Mr. Malaer is permanently paralyzed, paraplegic, partially deaf, and suffers from a neurogenic bladder condition and PTSD symptoms which substantially limit one or more major life activities including but not limited to major bodily functions.

PAGE 20 – **COMPLAINT**

96.    Curry County is a government entity that is responsible for providing code enforcement and law enforcement services in Curry County, which comprise programs and services for § 504 and Title II purposes.

97.    Under the ADA and Rehabilitation Act, Curry County and its employees are required to accommodate disabled citizens, including citizens with physical disabilities, the same level of access to services as those who are not disabled.  They are also required to make reasonable modifications in polices, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability.

98.    Curry County, acting through its employees, was deliberately indifferent in failing to provide Mr. Malaer with reasonable accommodations by reason of his disabilities in violation of the ADA and Rehabilitation Act by:

      a.    Demanding Mr. Malaer move his tent, two wheelchairs, and all of his personal belongings to a different, unspecified location within a matter of hours, at night, when Mr. Malaer was paralyzed and could not physically comply with the order or move all of his property in the time demanded; and

      b.    Failing to accommodate Mr. Malaer in meeting Curry County's demand to live elsewhere by failing to relocate or inform Mr. Malaer he could relocate with his property to a different location where he was permitted to camp or otherwise stay overnight after the County purported to change the status of the property where Mr. Malaer was living from public property to private property.

99.    As a direct and proximate result of Defendant's foregoing wrongful acts, Defendant discriminated against Mr. Malaer on the basis of his disability in violation of the Americans with

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604
(704) 702-6934

Disabilities Act and Rehabilitation Act, causing him to suffer increased costs, expenses, public criminal prosecution proceedings, mental anguish and suffering, anxiety, personal humiliation, impairment of reputation, fear of continued harassment, and loss of dignity.

100.    Accordingly, Mr. Malaer is entitled to economic and non-economic damages in an amount to be determined at trial.

101.    Defendant's acts in failing to accommodate Mr. Malaer were willful and intentional.  Defendant should be assessed punitive damages in an amount determined by a jury.

102.    Mr. Malaer seeks an award of reasonable attorney fees and costs incurred in bringing this action pursuant to 42 U.S.C. §§ 12205.

103.     Mr. Malaer is entitled to a prevailing party fee, costs and disbursements.

### FOURTH CLAIM FOR RELIEF

### Declaratory Judgment Act Claim – ORS 28.020

### Count 1

### (Against Defendants Curry County and Trover)

104.    Plaintiff re-alleges all previous paragraphs.

105.    Mr. Malaer's rights, status, and other legal relations were affected by the County's July 11, 2022, trespass notice posted near Mr. Malaer's tent on the Zimmerman Lane lot.

106.    As alleged above, the County's trespass notice did not comply with the requirements of ORS 195.505.

107.    As alleged above, Curry County Code Enforcement Officer Trover admitted that the trespass notice was premised on outdated law and rescinded the notice.

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604
(704) 702-6934

108.    As alleged above, despite Officer Trover stating the notice was rescinded, Curry County Sheriff's Office still took enforcement action against Mr. Malaer on the day and in the manner stated in the defective trespass notice, including citing Mr. Malaer for a trespass violation under ORS 164.245 on July 13, 2022 for remaining on the Zimmerman Lane lot.

109.    Mr. Malaer requests the court issue a declaration that the trespass notice posted by Curry County Code Enforcement on July 11, 2022 near his tent on the Zimmerman Lane lot did not comply with ORS 195.505 and is therefore invalid and unenforceable.

110.     Mr. Malaer is entitled to an award of costs pursuant to ORS 28.100.

111.     Mr. Malaer is entitled to a prevailing party fee, costs and disbursements.

### Count 2

### (Against Defendants Curry County, Sheriff Ward, Paasch, Rhodes, and Moore)

112.    Plaintiff re-alleges all previous paragraphs.

113.    Mr. Malaer's rights, status, and other legal relations were affected by the County's July 11, 2022, lease of the Zimmerman Lane lot to Mr. Ow for $1.

114.    The County Defendants used the fact of the purported lease between the County and Mr. Ow to assert that the Zimmerman Lane lot where Mr. Malaer was located had transformed from public property into private property for purposes of issuing a criminal trespass citation to Mr. Malaer on July 13, 2022, without complying with notice requirements under ORS 195.505 or other Oregon laws regarding notice to vacate an area where a person had been residing.

115.    Under ORS 271.310(4), "real property needed for public use by any political subdivision owning or controlling the property may not be sold, exchanged, conveyed or leased under the authority of ORS 271.300 (Application and administration of ORS 271.300 to

PAGE 23 –**COMPLAINT**

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604
(704) 702-6934

271.360) to 271.360 (Lease requirements), except that it may be exchanged for property that is of equal or superior useful value for public use" except "[a]ny such property not immediately needed for public use may be leased if, in the discretion of the governing body having control of the property, the property will not be needed for public use within the period of the lease."  Under ORS 271.310, "the governing body of a political subdivision" must "determine[]" that "the public interest may be furthered" by a contemplated lease.

116.    Curry County owns the Zimmerman Lane real property subject to the lease at issue.

117.    The Curry County Commission is the governing body of Curry County.

118.    The Curry County Commission Agenda, Meeting Minutes, and Packets for the July 6, 2022 business meeting do not state that the County Commission made a determination that the public interest would be furthered by the Zimmerman Lane lot lease to Mr. Ow for $1.00 per year.

119.    On information and belief, the Curry County Commission did not make a valid determination that the public interest would be furthered by the Zimmerman Lane lot lease to Mr. Ow for $1.00 per year.

120.    The Curry County Commission Agenda, Meeting Minutes, and Packets for the July 6, 2022 business meeting do not state that the County Commission made a determination that the Zimmerman Lane lot was not immediately needed for public use.  Rather, the Packets and information show that the Zimmerman Lane lot was needed for immediate use as public property open to camping for unhoused residents needing access to the services in the area.

121.    On information and belief, the Curry County Commission did not make a valid determination that the Zimmerman Lane lot was not immediately needed for public use.

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604
(704) 702-6934

122.    The Curry County Commission Agenda, Meeting Minutes, and Packets for the July 6, 2022 business meeting do not state that the County Commission made a determination that the Zimmerman Lane lot would not be needed for public use during the lease period.  Rather, the Packets and information show that the Zimmerman Lane lot was needed for immediate use as public property open to camping for unhoused residents needing access to the services in the area.

123.    On information and belief, the Curry County Commission did not make a valid determination that the Zimmerman Lane lot will not be needed for public use during the lease.

124.    On information and belief, Curry County did not engage in a public leasing or competitive bidding process to notify or allow members of the public that the lease was being offered, on what terms, or provide comment on a specific lease proposal thereon to inform the County Commissioner's necessary determination on whether the lease would affect the public interest or the property be needed.

125.    The County has a duty to manage public assets responsibly and ensure they generate appropriate revenue and public benefit for its residents.

126.    In 2022, Curry County was facing a budget deficit in excess of $5 million.[1]  Curry County could not sufficiently fund housing and services for its at-risk and unhoused residents.

---

[1] *See* JohnRoss Ferrara, *Curry County Budget Committee Agrees to Use More Than $1.8 Million in ARP Funds to Help Balance Budget for 2023 Fiscal Year; County Looks to Impose Consumption Tax Targeting Tourists to Prevent Future Deficits*, WILD RIVERS OUTPOST (March 21, 2022) ("The Curry County Budget Committee made progress in balancing the proposed budget for the 2023 fiscal year today after starting discussions $5.8 million in the hole. The County's budget deficit was initially worse than expected after $2.1 million in anticipated rollover funds from the previous fiscal year never materialized. 'We just don't have the revenue coming in to support the needs that we have,' Curry County Finance Director Brad Rueckert said at Tuesday's budget meeting.").

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604
(704) 702-6934

127.    Leasing the Zimmerman Lane lot for below market value, for $1.00 per year, was an improper subsidy and act of favoritism that benefited a private individual over the demonstrated community need for publicly accessible space as well as the potential for fair market lease revenue to the County to fund other programs or services to benefit the public.

128.    Leasing the Zimmerman Lane lot for below market value, for $1.00 per year, was against the public interest, as the Zimmerman Lane lot was needed immediately and in the future as a public space allowing access to nearby social services and camping space.

129.    Mr. Malaer requests a declaration that the lease between Curry County and Mr. Ow for the Zimmerman Lane lot did not comply with Oregon law and is invalid and unenforceable.

130.     Mr. Malaer is entitled to an award of costs pursuant to ORS 28.100.

131.     Mr. Malaer is entitled to a prevailing party fee, costs and disbursements.

## DEMAND FOR JURY TRIAL

111.    Mr. Malaer demands a jury trial on all issues so triable.

**WHEREFORE**, Plaintiff prays for the following relief:

a.    For a declaration Defendants violated his constitutional rights;

b.    For a declaration that the trespass notice issued by Curry County in this case did not comply with ORS 195.505 and is invalid and unenforceable;

c.    For a declaration that the lease issued by Curry County for the Zimmerman Lane lot did not comply with Oregon law and is invalid and unenforceable;

d.    For judgment in favor of Plaintiff and against Defendants;

e.    For general and compensatory damages in an amount according to proof;

f.    For special damages in an amount according to proof;

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604
(704) 702-6934

g.    For exemplary and punitive damages against each individual Defendant;

h.    For reasonable attorney fees and costs incurred in bringing this action;

i.    For prevailing party fees and disbursements; and

j.    For such other and further relief as this Court finds just, equitable, and appropriate.


DATED:  July 11, 2024                    **LEDUC MONGOMERY LLC**

                              By: _s/Alicia LeDuc Montgomery_
                              **Alicia LeDuc Montgomery, OSB #173963**
                              alicia@leducmontgomery.com
                              2210 W Main Street, Suite 107-328
                              Battle Ground, Washington 98604
                              Telephone: (704) 702-6934

                              **J. Ashlee Albies**, OSB #051846
                              Email: ashlee@albiesstark.com
                              **ALBIES & STARK LLC**
                              1500 SW First Ave., Suite 1000
                              Portland, Oregon 97201
                              Telephone: (503) 308-4770

                              Attorneys for Plaintiff John Malaer