# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### MEDFORD DIVISION

**JOHN LEE MALAER,**

Plaintiff,                                                        No. 1:24-cv-01137-CL

v.                                                                        **ORDER**

**CURRY COUNTY, et al.**

Defendants.

_____

AIKEN, District Judge.

This case comes before the Court on a Findings and Recommendation ("F&R") filed by Magistrate Judge Mark Clarke.  ECF No. 25.  Judge Clarke recommends that Defendants' Motion to Dismiss, ECF No. 13, be granted in part and denied in part.

Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's

Page 1 – ORDER

report to which no objections are filed."). Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte . . .* under a *de novo* or any other standard." *Id.* at 154. The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

In this case, Defendants have filed Objections, ECF No. 30 and Plaintiff has filed a Response to Objections, ECF No. 45. Upon review of the filings and the record, the Court concludes that the F&R should be modified.

The core issue is whether the County's lease of the property to a private owner removed the land from the definition of "public" property for purposes of ORS 195.505. Under ORS 195.530(1)(c), "public property" has meaning given by ORS 131.705, which defines it as "public lands, premises and buildings, including but not limited to any building used in connection with the transaction of public business or any lands, premises or buildings owned or leased by this state or any political subdivision therein." ORS 131.705(3).

Plaintiffs maintain, and the F&R concluded, because the property remained owned by the County, then it was "public" land under ORS 195.505 notwithstanding its lease to a private party. Defendants, for their part, stand on common law principles that allow a private party who leases land to exclude people from that land.

In *Starrett v. City of Portland*, 196 Or. App. 534 (2004), the Oregon Court of Appeals confronted an issue that was at least somewhat analogous. In that case, an

Oregon statute effectively prohibited a city from regulating the carrying of concealed handguns, pursuant to a license, on public property. *Id.* at 541. The city defendant then leased public land to a private party, which sought to forbid the carrying of firearms on the leased property. *Id.* The plaintiff challenged the lease, asserting that the city could not lease the property to a private party on terms that would allow the private lessee to do what the city was prohibited by statutes from doing. *Id.*

The Oregon Court of Appeals ruled for the city defendant, holding that "[b]y declining to dictate who must be allowed on to the leased property or who must be allowed to participate in a private event hosted on the leased property while the property is under the control of the lessee, the city does nothing more affirmative than decline to interfere with the property rights of a private lessee." *Starrett*, 196 Or. App. at 542-43.

The Court is persuaded that, as in *Starrett*, the lease of the land to a private party conferred property rights on the private lessee, which include the right to exclude people from the land by trespass. Because the property in question was leased to a private lessee, it was taken out of the "public" land covered by ORS 195.505. As a result, Plaintiff may not rely on that statute to assert a due process right to challenge his exclusion from the property via a trespass action.

The F&R further concludes that, even if ORS 195.505 no longer applied to the property after it was leased to a private individual, Plaintiff still alleged an adequate due process claim because he was not personally aware of the Board of Commissioner's meeting that approved the lease. F&R at 7.

Page 3 – ORDER

Personal awareness is not, however, an element of due process. *See Jones v. Flowers*, 547 U.S. 220, 226 (2006) ("Due process does not require that a property owner receive actual notice before the government may take his property."). Rather, the "elementary and fundamental requirement" of due process is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Here, there is no dispute that, on July 6, 2022, the County Commissioners held a publicly noticed meeting in an accessible location to consider the transfer of the property on Zimmerman Way to private hands. Jones Decl. Exs. 2, 3; ORS 192.640. This was sufficient to provide notice for due process purposes and Plaintiff was not entitled to individualized notice of the proceeding.

Accordingly, the Court concludes that Plaintiff has failed to allege a violation of his procedural due process rights and that claim is DISMISSED.

The Court concurs with and adopts Judge Clarke's determination that there is no substantive due process violation and that claim is DISMISSED as well.

As a result, the Court need not reach the issues of qualified immunity or the *Monell* claim, both of which are contingent on an underlying violation of Plaintiff's rights, although the Court notes that at least some of the individual defendants are likely entitled to qualified immunity, even under the relatively relaxed inquiry in a motion to dismiss established in *Keates v. Koile*, 883 F.3d 1228, 1234-35 (9th Cir. 2018).

As Judge Clarke notes, Plaintiff has withdrawn his ADA and Rehabilitation Act claims.

Count 1 of Plaintiff's declaratory judgment claim is based on the allegation that the trespass notice did not comply with ORS 195.505, but as discussed above, the property in question was no longer "public" for purposes of ORS 195.505 and so that claim is DISMISSED.

Count 2 of Plaintiff's declaratory judgment claim is based on the allegation that the lease of the property was unlawful under ORS 271.310. Defendants challenge Plaintiff's standing on this issue. ORS 28.020 provides that "[a]ny person . . . whose rights, status or other legal relations are affected by a constitution, statute, municipal charter, ordinance, contract or franchise may have determined any question construction or validity arising under any such . . . contract . . . and obtain a declaration or rights, status or other legal relations thereunder." Judge Clarke determined that Plaintiff had rights, specifically the notice requirements of ORS 195.505, that were affected by the lease, which transferred the property into private hands and, as the Court has determined, removed it from the "public" lands covered by ORS 195.505. The Court concurs that Plaintiff has standing, but there remains the question of whether Plaintiff has stated a claim.

ORS 271.310 provides:

[W]henever any political subdivision possesses or controls real property not needed for public use, or whenever the public interest may be furthered, a political subdivision may sell, exchange, convey or lease for any period not exceeding 99 years all or any part of the political subdivision's interest in the property to a governmental body or private individual or corporation . . .

Page 5 – ORDER

\*      \*      \*

Unless the governing body of a political subdivision determines under subsection (1) of this section that the public interest may be furthered, real property needed for public use by any political subdivision owning or controlling the property may not be sold, exchanged, conveyed or leased under the authority of ORS 271.300 to 271.360 . . . Any such property not immediately needed for public use may be leased if, in the discretion of the governing body having control of the property, the property will not be needed for public use within the period of the lease.

ORS 271.310(1), (4).

Here, Judge Clarke properly extended judicial notice to the public record materials connected to the Board of Commissioner's decision, although not to the police body camera footage. F&R at 4. The Court has reviewed the recording of the County Board of Commissioners General Meeting from July 6, 2022, Jones Decl. ¶ 2. In that meeting, the Board of Commissioners expressly considered the public interest in making their decision to lease the property in question. Jones Decl. ¶ 2, *from* 01:52:52 to 02:07:15). That is the very determination required by ORS 271.310. This is fatal to Plaintiff's claim, as alleged, which asserts that the determination was not made. Compl. ¶¶ 118-22. Plaintiff's arguments about whether the determination was correct must find some other legal basis. The Court therefore GRANTS Defendants' motion to dismiss Plaintiff's declaratory judgment claim.

The Court does not disturb Judge Clarke's determination that Plaintiff is entitled to leave to amend.

Page 6 – ORDER

## CONCLUSION

The Findings and Recommendation, ECF No. 25, is adopted in part and modified in part. The Motion to Dismiss, ECF No. 13, is GRANTED and the Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff's Motion to Stay, ECF No. 33, is MOOT. Plaintiff shall have thirty days from the date of this Order to file an amended complaint.

It is so ORDERED and DATED this  31st  day of March 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge